Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

**TONG DA CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2122–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Michael Brown, Law Offices of Michael Brown, New York, NY, for Petitioner.

Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney Gen-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as a respondent in this case.

eral, Civil Division, Carl H. McIntyre, Jr., Assistant Director), United States Department of Justice, Washington, DC, for Respondent.

Present: JOSÉ A. CABRANES, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Tong Da Chen, a native and citizen of China, seeks review of an April 30, 2007 order of the BIA affirming the August 31, 2005 decision of Immigration Judge ("IJ") Joanna M. Bukszpan, denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen*, No. A 97 162 948 (B.I.A. April 30, 2007), *aff'g* No. A 97 162 948 (Immig. Ct. N.Y. City Aug. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly adopt the IJ's decision but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding this provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, the Court lacks jurisdiction to review the pretermission of Chen's asylum claim because he has challenged only purely factual determinations and the agency's exercise of discretion.

■ With respect to his withholding of removal claim, Chen argues that the BIA erred in concluding that he failed to meet his burden of showing by a preponderance of the evidence that he will more likely than not suffer persecution upon his return to China. The record, however, does not compel a finding contrary to the agency's determination in this case.

The IJ noted that Chen's claim that he feared persecution from family planning officials was drawn into question by the very evidence he proffered. The identification documents Chen submitted were issued by the Chinese government after Chen came to the United States and at a time when Chen was allegedly being sought for forced sterilization and the payment of a large fine. The IJ reasonably found that the fact that Chen was able to obtain these documents from abroad when he was supposedly wanted by the Chinese government "[went] against the respondent's claim." (JA 56). In addition, Chen proffered two certificates that allegedly showed his wife had undergone abortions, along with a written statement purportedly from his wife in China. The certificates did not state that the abortions were forc-

ible, however, *cf. Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262–63 (2d Cir.2007) (upholding an IJ's adverse credibility determination based in part on evidence that "abortion certificates" were documents issued by hospitals at a patient's request after a voluntary abortion), and the IJ reasonably determined in the circumstances here that absent authentication of the written statement, she "[had] no idea who actually wrote" it. (JA 56).

The BIA may not reject a claim solely because the applicant has failed to provide corroborating documentation. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005). Here, however, the agency pointed to facts in the record that called into question Chen's account. In these circumstances, reliable evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected. *See Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). Nothing in the record compels a finding contrary to the IJ's determination that Chen did not establish that his wife had suffered forced abortions.

We note, moreover, that even assuming his wife had been subjected to forced abortion procedures, Chen is not eligible for withholding of removal solely on this ground. In *Shi Liang Lin v. United States Department of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc), we held that an applicant whose spouse has been forced to undergo involuntary sterilization does not automatically qualify for asylum as a refugee under 8 U.S.C. § 1101(a)(42). *Id.* at 309. Rather, the applicant must demonstrate either " 'other resistance to a coercive population control program' or 'a well founded fear that he or she will be … subject to persecution for such … resistance….' " *Id.* at 309–10 (omissions in original) (quoting 8 U.S.C. § 1101(a)(42)). Chen has not presented any evidence tending to establish his eligibility for asylum

under either of these alternative grounds. With even greater reason, therefore, he cannot establish eligibility for withholding of removal. *See Gui Yin Liu v. INS*, 508 F.3d 716, 722–26 (2d Cir.2007) (citing *Shi Liang Lin*, 494 F.3d at 309–10) ("[Petitioner's] withholding of removal claim, to the extent it is based only on his wife's forced sterilization, is doomed."); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam) ("[A]n applicant who cannot establish his eligibility for asylum is necessarily unable to establish his eligibility for withholding of removal….").

▪ Chen claims that he is eligible for withholding on account of a 12,000 RMB fine that the Chinese family planning officials allegedly imposed on him before his departure from China. "While we recognize that economic deprivation may constitute persecution, an … applicant must offer some proof that he suffered a 'deliberate imposition of substantial economic disadvantage.' " *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (quoting *Yong Hao Chen v. U.S. INS*, 195 F.3d 198, 204 (2d Cir.1999)). Chen has failed to demonstrate that payment of the fine, even if compelled, would rise to the level of a substantial economic disadvantage. As the IJ and BIA noted, moreover, Chen's argument regarding his fear of future persecution on the basis of this fine is undermined by the fact the Chinese government has not tried to enforce payment from his wife, who has been living in China for five years since his departure. Although Chen testified that the authorities periodically visit his wife's home to make demands regarding payment of the fine and Chen's whereabouts, he explained that his wife has been able to avoid paying the fine simply because they are "unwilling" to pay. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) ("[P]ersecution does not encom-

pass mere harassment."). The IJ also reasonably concluded that Chen's alleged fear of sterilization upon return to China was not well-founded, given, among other things, that "nothing has happened" to his wife in the years since his departure, despite nonpayment of the fine. (JA 57).

Substantial evidence supports the agency's determination that Chen failed to meet his burden of proof in showing that he will more likely than not suffer persecution on his return to China. Because his CAT claim was based on the same factual predicate as his claim for withholding, Chen failed to bear his burden on this claim as well. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.